# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-312V
Filed: November 30, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOVAN RAGIA, | \* |
| | \* |
| Petitioner, | \* |
| v. | \*    Attorney Fees and Costs; Stipulation |
| | \* |
| SECRETARY OF HEALTH AND | \* |
| HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Robert Howie, Jr.*, Howie Law, P.C., Dallas, TX, for petitioner.
*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

     On March 26, 2015, Jovan Ragia ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"].  Petitioner alleges that he suffered a shoulder injury caused by the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine he received on April 16, 2014.  Petition at 1.  On October 14, 2015, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed.

     On November 30, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs.  According to the stipulation, the parties stipulate to an award of $12,493.31 for attorney's fees and costs.  In accordance with General Order

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).


#9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses in this case.  Stipulation, ¶ 6.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

**Accordingly, I award the total of $12,493.31[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel John R. Howie.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
**Nora Beth Dorsey**
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).