# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-312V
Filed: October 14, 2015
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOVAN RAGIA, | \* | |
| | \* | |
| Petitioner, | \* | Damages Decision Based on Proffer; |
| | \* | Tetanus, Diphtheria, Acellular Pertussis |
| | \* | Vaccine (Tdap); Shoulder Injury Related |
| SECRETARY OF HEALTH | \* | to Vaccine Administration (SIRVA); |
| AND HUMAN SERVICES, | \* | Special Processing Unit ("SPU") |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Robert Howie, Jr.,* Howie Law, P.C., Dallas, TX, for petitioner.
*Claudia Barnes Gangi,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 26, 2015, Jovan Ragia ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleges that he suffered a shoulder injury caused by the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine he received on April 16, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 30, 2015, the undersigned issued a ruling on entitlement in favor of petitioner. On October 14, 2015, respondent filed a proffer on award of compensation ["Proffer"] stating that petitioner should be awarded a lump sum in the amount of $109,579.18. Proffer at 2. This amount represents compensation for lost earnings

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

($8,326.22), pain and suffering ($100,000.00), and past unreimbursable expenses ($1,252.96).

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as set forth in the Proffer.  Pursuant to the terms stated in the attached Proffer, the undersigned awards the following:

A. **A lump sum payment of $109,579.18, in the form of a check payable to petitioner, Jovan Ragia.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

   Proffer ¶III.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOVAN RAGIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 15-312V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I. Items of Compensation

A. Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

B. Lost Earnings

The parties agree that based upon the evidence of record, Jovan Ragia has suffered a past loss of earnings as a result of his vaccine-related injury.  Therefore, respondent proffers that the Court should award Jovan Ragia a lump sum of $8,326.22 for his lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C. Pain and Suffering

Respondent proffers that the Court should award Jovan Ragia a lump sum of $100,000.00 for his actual and projected pain and suffering.  This amount reflects that the award for projected

pain and suffering has been reduced to net present value. See § 300aa-15(a)(4). Petitioner agrees.

    D. Past Unreimbursable Expenses

Evidence supplied by petitioner documents Jovan Ragia's expenditure of past unreimubursable expenses as a result of his vaccine-related injury. Respondent proffers that the Court should award Jovan Ragia a lump sum of $1,252.96 for past unreimbursable expenses as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A). Petitioner agrees.

    E. Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to his vaccine-related injury.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $109,579.18, representing compensation for lost earnings ($8,326.22), pain and suffering ($100,000.00), and past unreimbursable expenses ($1,252.96), in the form of a check payable to petitioner, Jovan Ragia.

## III. Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner:                       **$109,579.18**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division


s/  Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-4138

Dated:  October 14, 2015